UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| LONNIE CLEMONT ENCALADE, | § | |
| Institutional ID No. 797424, | § | |
| SID No. 2360082, | § | |
| Previous TDCJ Nos. 339294, | § | |
| and 571283, | § | |
|        Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. |
| | § | 1:10-CV-0196-BI |
| BRAD LIVINGSTON, | § | ECF |
| TDCJ Director, et al., | § | |
| | § | |
|        Defendants. | § | Referred to U.S. Magistrate Judge |

**REPORT AND RECOMMENDATION**

Plaintiff, proceeding *pro se* and *in forma pauperis,* filed his complaint under 42 U.S.C. § 1983 on August 30, 2010 (Doc. 1). By order entered on September 16, 2010, this case was transferred to the docket of the United States magistrate judge. Plaintiff refused his consent to proceed before the United States magistrate judge on October 8, 2010 (Doc. 9). On November 9, 2010, the court held an evidentiary hearing, pursuant to *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985), and 28 U.S.C. § 1915. Plaintiff appeared and testified in his own behalf. Plaintiff, confined at all relevant times to the French Robertson Unit ("Robertson Unit") of the Texas Department of Criminal Justice - Institutional Division ("TDCJ-ID"), alleges that the Defendants were deliberately indifferent to his health and safety by failing to transfer him to a safe-keeping unit. The court thus makes findings of fact, conclusions of law, and a recommended disposition to the United States district judge as herein provided.

# I. FACTUAL AND PROCEDURAL BACKGROUND

In his complaint, as supplemented by his testimony, Plaintiff claims that:

1. At all times relevant to the claims in his complaint, Plaintiff was confined to the Robertson Unit.

2. On July 19, 2010, Plaintiff was called to the administration area of the Robertson Unit and was informed by the ranking sergeant that another inmate had written a letter threatening to kill Plaintiff. Plaintiff was instructed to submit a life endangerment investigation request and to go before the Unit Classification Committee.

3. After he saw the letter, Plaintiff realized that it was likely written by a former cellmate, Richard Allen Standly.

4. Plaintiff was placed in a single pre-hearing detention cell, where he stayed for 72 hours. The cell was very hot.

5. Plaintiff has high blood pressure and chronic medical problems. A nurse saw him daily while in the pre-hearing detention cell.

6. The life endangerment investigation was conducted on July 19, 2010, and Plaintiff went before the Unit Classification Committee on July 21, 2010, which recommended that Plaintiff remain in his current status because officials were unable to substantiate the threat against him.

7. Plaintiff was returned to housing in the same area where Standly is housed.

8. Plaintiff avoids being around Standly by staying in his cell.

9. Plaintiff's requests for a unit transfer have been denied.

10. Defendants have been deliberately indifferent to his health and safety.

Plaintiff is seeking injunctive relief in the form of a transfer to a safe-keeping unit and any other relief to which he may be entitled.

## II. ANALYSIS

In both proceedings *in forma pauperis* and civil actions brought by a prisoner against a governmental entity, officer, or employee, the court is required under 28 U.S.C. §§ 1915-1915A to dismiss the complaint or any portion of the complaint if the complaint is frivolous or malicious or fails to state a claim on which relief may be granted. These provisions thus apply to this *in forma pauperis* prisoner civil rights action. *Harris v. Hegmann,* 198 F.3d 153, 156 (5th Cir. 1999). "An [*in forma pauperis*] complaint may be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) if it has no arguable basis in law or in fact." *Ruiz v. United States*, 160 F.3d 273, 274-75 (5th Cir. 1998). A claim has no arguable basis in law or fact if it is based on an indisputably meritless legal theory or if, after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless. *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998). The court is authorized *sua sponte* to test whether the proceeding is frivolous or malicious even before the service of process or before an answer is required to be filed. *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990); *see also* 42 U.S.C. § 1997e(c)(1). A questionnaire or evidentiary hearing may be used to assist the court in determining whether the case should be dismissed under these provisions. *See Watson v. Ault*, 525 F.2d 886, 892 (5th Cir. 1976) (use of questionnaire to develop the factual basis of the plaintiff's complaint); *Spears,* 766 F.2d 179 (use of an evidentiary hearing).

The court has reviewed Plaintiff's allegations in his complaint, as supplemented by his testimony, to determine whether Plaintiff has stated sufficient claims to require the Defendants to answer or otherwise plea. The court makes the recommendations noted herein.

**A.** **Deliberate Indifference to Health and Safety - Failure to Protect**

Plaintiff alleges that Robertson Unit officials were deliberately indifferent to his health and safety by failing to transfer him to another unit after he received a threatening letter from another inmate.

In order to state a claim under § 1983, a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law. *Moore v. Willis Indep. Sch. Dist.*, 233 F.3d 871, 874 (5th Cir. 2000). Plaintiff claims that TDCJ officials were deliberately indifferent to his health and safety.

In its prohibition of cruel and unusual punishment, the Eighth Amendment to the Constitution imposes restraints on prison officials who must "take reasonable measures to guarantee the safety of the inmates." *Hudson v. Palmer,* 468 U.S. 517 (1984). This duty includes protecting prisoners from the violence of other prisoners. *Wilson v. Seiter,* 501 U.S. 294, 303 (1991) (referring to the protection of an inmate as a condition of confinement). Prison officials, however, are not liable under the Eighth Amendment for every injury suffered by one prisoner at the hands of another. *Farmer v. Brennan,* 511 U.S. 825, 834 (1994). To violate the Cruel and Unusual Punishment Clause in cases regarding conditions in a prison, the prison official must have a state of mind of deliberate indifference to the inmate's health or safety. *Wilson,* 501 U.S. at 302-03. A prison official may thus violate the Eighth Amendment if he is deliberately indifferent to an inmate's health or safety. *Farmer,* 511 U.S. at 834.

The Supreme Court, in *Farmer v. Brennan*, defined the proper test for determining deliberate indifference in prison conditions cases. 511 U.S. 825 (1994). The Court held that, in these cases, an official is not liable "unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 838. "[A]n Eighth Amendment claimant need not show that a prison official acted or failed to act believing that harm actually would befall an inmate; it is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm." *Id.* at 842. "To prevail on a section 1983 failure

to protect claim, a prisoner must demonstrate that 'he was incarcerated under conditions posing a substantial risk of serious harm and that prison officials were deliberately indifferent to his need for protection.'" *Jones v. Greninger,* 188 F.3d 322, 326 (5th Cir. 1999) (quoting *Newton v. Black,* 133 F.3d 301, 308 (5th Cir. 1998)). In other words, the prison official must be subjectively aware of a substantial risk of serious harm to the inmate and fail to protect the inmate from that harm. *Farmer*, 511 U.S. at 839-40. Thus, the "'failure to alleviate a significant risk that [the official] should have perceived, but did not' is insufficient to show deliberate indifference." *Domino v. Tex. Dep't of Crim. Justice,* 239 F.3d 752, 756 (5th Cir. 2001) (quoting *Farmer*, 511 U.S. at 838). A claimant, however, may rely on circumstantial evidence indicating that because the risk was obvious, the official must have known of the risk to the inmate. *See Hope v. Pelzer*, 536 U.S. 730, 738 (2002). Mere negligence or neglect, however, does not constitute deliberate indifference. *Fielder v. Bosshard*, 590 F.2d 105, 107 (5th Cir. 1979). "The legal conclusion of 'deliberate indifference,' therefore, must rest on facts clearly evincing 'wanton' actions on the part of the defendants." *Hall v. Thomas*, 1909 F.3d 693, 697 (5th Cir. 1999) (quoting *Farmer*, 511 U.S. at 834).

Plaintiff alleges that he sought a unit transfer after he received a threatening letter. He went before the Unit Classification Committee, and a life endangerment investigation was conducted. However, as the threat could not be substantiated by officials, Plaintiff was returned to his former housing, and his request for a transfer was denied.

Plaintiff's allegations, accepted as true, fail to demonstrate that any named Defendant was aware of a substantial risk of serious harm and ignored such risk, nor do his allegations demonstrate that the risk was obvious. Plaintiff's allegations demonstrate that officials did not ignore the alleged threat to him. While Plaintiff disagrees with the denial of his transfer, the allegations fail to demonstrate any deliberate indifference on the part of the Defendants.

Moreover, in order to state a cause of action under section 1983, the plaintiff must identify defendants who were either personally involved in a constitutional violation or whose acts were causally connected to the constitutional violation alleged. *Woods v. Edwards*, 51 F.3d 577, 583 (5th Cir. 1995). Personal involvement is an essential element of a civil rights cause of action. *Thompson v. Steele*, 709 F. 2d 381, 382 (5th Cir. 1983). Prison officials "cannot be automatically held liable for the errors of their subordinates." *Adames v. Perez*, 331 F.3d 508, 513 (5th Cir. 2003). Supervisory officials may be held liable only if: "(i) they affirmatively participate in the acts that cause constitutional deprivations; or (ii) [they] implement unconstitutional policies that causally result in plaintiff's injury." *Mouille v. City of Live Oak, Tex.,* 977 F.2d 924, 929 (5th Cir. 1992). Vicarious liability does not apply to § 1983 or *Bivens* claims. *Pierce v. Tex. Dep't of Crim. Justice, Institutional Div.,* 37 F. 2d 1146, 1150 (5th Cir. 1994). Plaintiff's allegations fail to demonstrate any personal involvement by Brad Livingston in the alleged constitutional deprivations. Plaintiff relies upon vicarious liability, which does not apply to actions such as this one.

Plaintiff's claims for deliberate indifference to his health or safety against the Defendants lack an arguable basis in law or fact. The court recommends that Plaintiff's claims for deliberate indifference to his health and safety be **DISMISSED WITH PREJUDICE AS FRIVOLOUS**.

### B. Conditions of Confinement

Plaintiff also alleges that he was confined to a hot cell in pre-hearing detention for 72 hours.

It is recognized that "prison walls do not form a barrier separating prison inmates from the protections of the Constitution." *Turner v. Safley*, 482 U.S. 78, 84 (1987). The protections afforded prisoners specifically include the Eighth Amendment's prohibition against cruel and unusual punishment. *See Whitley v. Albers*, 475 U.S. 312, 318, (1986). It is well settled that the Eighth Amendment to the Constitution protects inmates from "conditions so serious as to deprive [them] of the minimal measure of life's necessities." *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999).

Punishment rises to the level of cruel and unusual only where it involves an "'unnecessary and wanton infliction of pain.'" *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (quoting *Gregg v. Georgia*, 428 U.S. 153, 173 (1976)). The question of whether conditions of confinement are cruel and unusual under the Eighth Amendment reflects "evolving standards of decency that mark the progress of a maturing society." *Talib*, 138 F.3d at 214 (internal citations omitted). "The Constitution 'does not mandate comfortable prisons' . . . but neither does it permit inhumane ones, and it is now settled that the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." *Wilson v. Lynaugh*, 878 F.2d 846, 849 (5th Cir. 1989) (internal citation omitted). The Eighth Amendment's prohibition against cruel and unusual punishment imposes minimum requirements on prison officials in the treatment received by and facilities available to prisoners. *Woods*, 51 F.3d at 581. However, the Eighth Amendment does not afford protection against mere discomfort or inconvenience. *Id*.

Like some of the other Eighth Amendment claims, a conditions-of-confinement claim must satisfy tests for both objective and subjective components. *Davis v. Scott,* 157 F.3d 1003, 1006 (5th Cir. 1998) (citing *Hudson v. McMillian*, 503 U.S. 1, 8 (1992)). To meet the objective component, "extreme deprivations are required to make out a conditions-of-confinement claim." *Id*. Under a "totality of conditions test," conditions of confinement must not impose the wanton and unnecessary infliction of pain. *Austin v. Johnson*, 328 F.3d 204, 209 (5th Cir. 2003) (citing *Howard v. King*, 707 F.2d 215, 218 (5th Cir. 1983)).

Plaintiff testified that he believes that confinement to the hot cell was not good for him, given his high blood pressure. However, Plaintiff testified that he was seen by a nurse on a daily basis while so confined. Plaintiff's allegations, accepted as true, fail to demonstrate an extreme deprivation or that officials were deliberately indifferent to his health, safety, or serious medical needs by placing him in the pre-hearing detention cell. This claim thus lacks an arguable basis in

law or fact. The court recommends that this claim be **DISMISSED WITH PREJUDICE AS FRIVOLOUS**.

        C.        **Official Capacity Claims**

Plaintiff has not indicated whether he is suing each of the Defendants in his or her official or individual capacities.

The Eleventh Amendment bars claims against a state brought pursuant to 42 U.S.C. § 1983. *Aguilar v. Tex. Dep't of Crim. Justice, Institutional Div.*, 160 F.3d 1052, 1054 (5th Cir. 1998) (citing *Farias v. Bexar County Bd. of Trustees for Mental Health Mental Retardation Servs.*, 925 F.2d 866, 875 n.9 (5th Cir. 1991)). A state's sovereign immunity is not waived for claims pursuant to 1983. *Id.* (citing *Quern v. Jordan*, 440 U.S. 332, 338 n.7 (1979)). Moreover, the State of Texas has not consented to this suit. *Id.* (citing *Emory v. Tex. State Bd. of Med. Exam'rs*, 748 F.2d 1023, 1025 (5th Cir. 1984)). As an instrumentality of the state, TDCJ (including the Robertson Unit) is immune from a suit for money damages under the Eleventh Amendment. *Talib*, 138 F.3d at 213. Federal claims against state employees in their official capacities are the equivalent of suits against the state. *Ganther v. Ingle*, 75 F.3d 207, 209 (5th Cir. 1996). The Eleventh Amendment immunity thus extends to TDCJ-ID officers acting in their official capacity. *Aguilar*, 160 F.3d at 1054.

In *Ex Parte Young*, 209 U.S. 123 (1908), the Supreme Court carved out an exception to Eleventh Amendment immunity noting that a state cannot confer authority on its officers to violate the Constitution or federal law. *See Aguilar*, 160 F.3d at 1054. However, under this exception an individual official may be liable only for implementing a policy that is "itself [ ] a repudiation of constitutional rights" and "the moving force of the constitutional violation." *Oliver v. Scott*, 276 F.3d 736, 742 (5th Cir. 2002) (citing *Grandstaff v. City of Borger*, 767 F.2d 161, 169, 170 (5th Cir. 1985)). Plaintiff's allegations fail to demonstrate any such policy. To the extent that Plaintiff makes claims against any of the Defendants in their official capacities and asserts a claim against the

French Robertson Unit of TDCJ-ID, such claims lack an arguable basis in law or fact. The court, therefore, recommends that such claims be **DISMISSED WITH PREJUDICE AS FRIVOLOUS**.

### III. CONCLUSION, RECOMMENDATION, AND TRANSFER

The court has considered Plaintiff's allegations in his complaint, as supplemented by his testimony, and the applicable law and recommends that the United States district judge **DISMISS WITH PREJUDICE AS FRIVOLOUS** all of Plaintiff's claims against the Defendants in their individual, official, and supervisory capacities;

In addition, the court **DENIES** any pending non-dispositive motions not otherwise addressed above.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 10 days after being served with a copy. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.

A copy of this order shall be sent by first class mail to all parties appearing *pro se* and to any attorney of record by first class mail or electronic notification.

Dismissal of this action does not release Plaintiff or the institution where he is incarcerated from the obligation to pay any filing fee previously imposed. *See Williams v. Roberts*, 116 F.3d 1126, 1128 (5th Cir. 1997).

**IT IS ORDERED** that the transfer of this case to the United States magistrate judge is terminated, and the case is hereby transferred to the docket of United States District Judge Sam R. Cummings.

DATED this 15th day of November, 2010.

_____
**PHILIP R. LANE**
**UNITED STATES MAGISTRATE JUDGE**